IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSANA ELIZABETH SANCHEZ CARDENAS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> PROGRESSIVE CASUALTY INSURANCE : <br> COMPANY and ERIE INDEMNITY CO., : <br> : <br> Defendants. : <br> _____ : | Civil Action No. 3:26-cv-00138 |

## COMPLAINT

Plaintiff Susana Elizabeth Sanchez Cardenas files this Complaint against Defendants Progressive Casualty Insurance Company ("Progressive") and Erie Indemnity Co. ("Erie"). In support, Ms. Sanchez Cardenas alleges as follows:

## PRELIMINARY STATEMENT

1. Congress enacted the Fair Credit Reporting Act ("FCRA") to protect consumers from the devastating impacts of inaccurate credit reporting. S. Rep. No. 91-517, at 1 (1969) (explaining that the FCRA was intended to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report"); *see also Guimond v. Trans Union Credit Info.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (explaining that the FCRA was enacted "to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner" (citations omitted)).

2. Notwithstanding those efforts, inaccurate credit reporting remains a pervasive, long-standing issue for consumers. For example, in 2012, the FTC published a report finding that twenty percent of consumers who participated in its study had at least one error on their credit

report.[1] Almost ten years later, the situation was even worse: a 2021 study found that more than 34 percent of surveyed consumers identified at least one error on their credit reports.[2]

3. Here, Ms. Sanchez Cardenas suffered from high insurance rates. She learned that these high rates were caused by several insurance policies and claims reported by Progressive and Erie on her LexisNexis C.L.U.E. report.

4. But these policies and claims did not belong to Ms. Sanchez Cardenas. Instead, they belonged to another individual, Susana Sanchez Barajas.

5. When Ms. Sanchez Cardenas disputed this inaccurate credit reporting through LexisNexis, Progressive and Erie refused to conduct an adequate investigation or correct the inaccurate reporting. Instead, both Progressive and Erie indicated that the information belonged to Ms. Sanchez Cardenas and should remain on her C.L.U.E. report.

6. As a result, Ms. Sanchez Cardenas alleges claims against Progressive and Erie for failing to properly investigate her disputes and to review all relevant information provided to them by the credit reporting agencies, in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Ms. Sanchez Cardenas's claims occurred in this

---

[1] *See* Fed. Trade Comm'n, *Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003*, at 64 (Dec. 2012), https://www.ftc.gov/sites/default/files/documents/reports/section-319-fair-and-accurate-credit-transactions-act-2003-fifth-interim-federal-trade-commission/130211factareport.pdf.

[2] *See* Syed Ejaz, Consumer Reports, *A Broken System: How the Credit Reporting System Fails Consumers and What to Do About It*, at 5 (June 10, 2021), https://advocacy.consumerreports.org/wp-content/uploads/2021/06/A-Broken-System-How-the-Credit-Reporting-System-Fails-Consumers-and-What-to-Do-About-It.pdf.

District and Division.

## PARTIES

9. Plaintiff Sanchez Cardenas is a natural person residing in Norwalk, Connecticut. She is a consumer as defined the by FCRA, 15 U.S.C. § 1681a(c).

10. Defendant Progressive is a foreign corporation with its principal place of business in Mayfield, Ohio. It is a "furnisher" as governed by the FCRA.

11. Defendant Erie is a foreign corporation with its principal place of business in Erie, Pennsylvania. It is a "furnisher" as governed by the FCRA.

## FACTS

### *C.L.U.E. Reports*

12. LexisNexis publishes C.L.U.E. reports, which "include information such as name, date of birth and policy number in addition to claim details such as date of loss, claim type, amounts paid, fault details and vehicle information" to its customers for use in insurance underwriting.[3]

13. C.L.U.E. reports are used by LexisNexis's customers to reduce their risk and liability by using the information in the report to predict future claims. *Id.* In other words, insurance companies use this information to determine the premium that a consumer should pay for auto insurance.

14. LexisNexis obtains accident information from auto insurance companies, like Defendants Progressive and Erie, to include in its C.L.U.E. reports.

### *Factual Allegations Regarding Ms. Sanchez Cardenas*

15. For years, Ms. Sanchez Cardenas has had to pay higher insurance premiums.

---

[3] LexisNexis Risk Solutions, *LexisNexis C.L.U.E. Auto* Brochure, https://risk.lexisnexis.com/-/media/files/insurance/clue%20auto/clue%20auto%20sales%20sheet_digital%20pdf.pdf (last visited Nov. 18, 2025).

16. She eventually learned that her insurance company had charged her higher premiums based on information it received from LexisNexis.

17. When Ms. Sanchez Cardenas requested a copy of her LexisNexis report, she was shocked to see that it contained information about another individual, Susana Sanchez Barajas.

18. Ms. Sanchez Barajas also shares an insurance policy with her husband, Vladimir De Paz. Mr. De Paz has been in several at-fault accidents, including ones that involved bodily harm, which also appeared on Ms. Sanchez Cardenas's LexisNexis report.

19. This information was reported to LexisNexis by Progressive and Erie.

20. This reporting was false because none of this information belonged to Ms. Sanchez Cardenas and should not have been listed on her C.L.U.E. report.

21. Ms. Sanchez Cardenas disputed the inaccurate reporting with LexisNexis in January 2025. She explained that neither the Progressive nor the Erie insurance policies belonged to her and should be removed from her report. She provided ample information to verify her identity, including her full social security number and her Connecticut driver's license.

22. LexisNexis forwarded her dispute to Progressive and Erie.

23. Progressive and Erie both only performed a cursory review of Ms. Sanchez Cardenas's dispute.

24. For example, if they had conducted an adequate investigation, they would have determined that Ms. Sanchez Cardenas lives in Connecticut and has a Connecticut driver's license, while the insured, Ms. Sanchez Barajas, has a Maryland driver's license. Ms. Sanchez Cardenas has never lived in Maryland and has a different Social Security Number. They also have different names and have never lived at the same address.

25. After its deficient investigation, both Progressive and Erie verified that Ms.

Sanchez Barajas's information was correct and should remain on Ms. Sanchez Cardenas's report.

26. As a result, the inaccurate information continued to be reported on Ms. Sanchez Cardenas's C.L.U.E. report, which kept her insurance rates high and made it impossible for her to shop for a lower rate.

27. Progressive's and Erie's conduct has caused Ms. Sanchez Cardenas actual damages, including increased insurance premiums, insurance denials, and significant emotional distress, including stress, frustration, and aggravation.

### *Defendants' FCRA Violations Were Willful*

28. Defendants' processing of consumer disputes was willful and carried out in reckless disregard for consumers' rights under the FCRA. For example, Defendants' conduct was willful because it was intentionally accomplished through intended procedures that prioritize efficiency over accuracy.

29. The willfulness of Defendants' FCRA violations can be established by, for example:

   a. Congress enacted the FCRA in 1970, and Defendants have had several years to become compliant;

   b. Defendants are companies with access to legal advice through their own general counsel and outside litigation counsel. Yet there is no contemporaneous evidence that Defendants determined that their conduct was lawful;

   c. Defendants knew, or had reason to know, that their conduct contradicted the FCRA's plain language, regulatory guidance, and the relevant case law;

   d. Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading of the statute that was merely careless;

   e. Defendants' FCRA violations were repeated and systematic;

  f. Defendants had substantial documentation available to them that sufficiently apprised them of their duties under the FCRA but still chose not to comply with the statute; and

  g. Defendants had notice of their defective dispute processing procedures through internal audits and litigation but chose not to meaningfully change their policies and procedures to comply with the FCRA.

**COUNT ONE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(A)**

30. Ms. Sanchez Cardenas incorporates the preceding allegations.

31. On one or more occasions within the past two years, Progressive and Erie violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Ms. Sanchez Cardenas's disputes.

32. When Ms. Sanchez Cardenas disputed the account with LexisNexis, LexisNexis forwarded notification of her disputes to Progressive and Erie.

33. Defendants understood the nature of Ms. Sanchez Cardenas's disputes when they received the notification from LexisNexis.

34. Upon information and belief, when Defendants received Ms. Sanchez Cardenas's disputes, they followed a standard and systematically unlawful process where they only reviewed their own internal computer screen for the policy and repeated back the same information that was previously reported to LexisNexis.

35. Upon information and belief, when Defendants receive a consumer dispute from LexisNexis, they do not conduct a substantive review of any sort to determine whether there is information already in its computer system that would demonstrate the disputed information is misleading or inaccurate.

36. Because of Defendants' violation of 15 U.S.C. § 1681s-2(b)(1)(A), Ms. Sanchez Cardenas suffered actual damages, including an increased insurance premium, insurance denials,

embarrassment, humiliation, and emotional distress.

37. Defendants' conduct in violating 15 U.S.C. § 1681s-2(b)(1)(A) was willful, rendering them liable to Ms. Sanchez Cardenas for punitive damages under 15 U.S.C. § 1681n.

38. In the alternative, Defendants were negligent, entitling Ms. Sanchez Cardenas to a recovery under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(B)

39. Ms. Sanchez Cardenas incorporates the preceding allegations.

40. On one or more occasions within the past two years, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit reporting agencies.

41. As Ms. Sanchez Cardenas detailed in the previous Count, Defendants received notification of Ms. Sanchez Cardenas's disputes from LexisNexis.

42. When it received her disputes from LexisNexis, Defendants did not review any of the information that Ms. Sanchez Cardenas included in her disputes, which demonstrated that the information they were reporting did not belong to her.

43. If Defendants had reviewed this information, they would have known that their previous reporting was incorrect and needed to be updated.

44. Defendants understood Ms. Sanchez Cardenas's disputes and that she was disputing that the insurance policies did not belong to her.

45. Despite this, Defendants did not update their incorrect reporting regarding the insurance policies and instead affirmatively asked that the information continue to be reported in Ms. Sanchez Cardenas's C.L.U.E. report.

46. Because of Defendants' 15 U.S.C. § 1681s-2(b)(1)(B) violations, Ms. Sanchez

Cardenas suffered actual damages, including but not limited to: increased insurance premiums, insurance denials, embarrassment, humiliation, and emotional distress.

47. Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering them liable for damages under 15 U.S.C. § 1681n.

48. In the alternative, Defendants were negligent, entitling Ms. Sanchez Cardenas to recover damages under 15 U.S.C. § 1681o.

## COUNT THREE:
## VIOLATION OF FCRA, 15 U.S.C. §§ 1681s-2(b)(1)(C) and (D)

49. Ms. Sanchez Cardenas incorporates the preceding allegations.

50. On one or more occasions within the past two years, Defendants violated 15 U.S.C. §§ 1681s-2(b)(1)(C) and (D) by publishing their representations within Ms. Sanchez Cardenas's C.L.U.E. report without also including any notation at all that the account was disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

51. Furthermore, Defendants knew that Ms. Sanchez Cardenas disputed ownership of the insurance policies through written dispute letters to LexisNexis.

52. Ms. Sanchez Cardenas's disputes were bona fide as the insurance policies did not belong to her and instead belonged to someone else with a different name, different Social Security Number, and different address.

53. Because of Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(C) and (D), Ms. Sanchez Cardenas suffered actual damages, including but not limited to: increased insurance premiums, insurance denials, embarrassment, humiliation, and emotional distress.

54. Defendants' violations were willful, rendering them liable for punitive damages under 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, entitling Ms. Sanchez Cardenas to recover against them under 15 U.S.C. § 1681o.

55. Ms. Sanchez Cardenas is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Defendants under 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Ms. Sanchez Cardenas demands judgment for actual, statutory, and punitive damages against Defendants as alleged above; her attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and any other relief the Court finds appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

DATED:   January 28, 2026         Respectfully submitted,

**SILVER GOLUB & TEITELL LLP**

/s/ *Ian W. Sloss*
Ian W. Sloss (ct31244)
Samantha Blend (ct31936)
One Landmark Square, Floor 15
Stamford, Connecticut 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769
isloss@sgtlaw.com
sblend@sgtlaw.com

Kristi C. Kelly (*pro hac vice* forthcoming)
KELLY GUZZO, PLC
3925 Chain Bridge Road
Suite 202
Fairfax, VA 22030
Telephone: 703-424-7572
Facsimile: 703-591-0167
kkelly@kellyguzzo.com

*Counsel for Plaintiff*